No. 15-11772-A

————

# In the United States Court of Appeals for the Eleventh Circuit

————

JOHN PINSON,

*Plaintiff-Appellant*,

v.

JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, ET AL,

*Defendants-Appellees*.

————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

U.S. District Court Case No. 9:13-cv-80720-KAM

————

**Brief of Appellees, JPMorgan Chase & Co.,
JPMorgan Chase Bank, N.A., and CPCC Delaware Business Trust**

————

THOMAS H. LOFFREDO
JEFFREY T. KUNTZ
MICHAEL D. LESSNE
GRAYROBINSON, P.A.
401 E. LAS OLAS BLVD, SUITE 1000
FORT LAUDERDALE, FLORIDA 33301
TELEPHONE (954) 761-8111

Counsel for Appellees, JPMorgan Chase & Co.,
JPMorgan Chase Bank, N.A., and CPCC Delaware Business Trust

————

## <u>CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT</u>

In compliance with Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rules 26.1-1 to 26.1-3, the following is a complete list of all persons and entities known to Appellees, JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., and CPCC Delaware Business Trust, to have an interest in the outcome of this appeal:

1.    Bouvatte, Jr., Robert Alan, Counsel for Defendant, Law Office of Marshall C. Watson.

2.    Chase Preferred Capital LLC, wholly owns Appellee/Defendant, CPCC Delaware Business Trust. Chase Preferred Capital LLC is wholly owned by J.P. Morgan International Holdings Limited.

3.    CPCC Delaware Business Trust a/k/a CPCC Delaware Statutory Trust, Appellee/Defendant. CPCC Delaware Business Trust is wholly owned by Chase Preferred Capital LLC. Chase Preferred Capital LLC is wholly owned by J.P. Morgan International Holdings Limited. J.P. Morgan International Holdings Limited is wholly owned by JPMorgan Chase & Co.

4.    Friedman, Dale, Counsel for Defendant, Law Office of Marshall C. Watson.

5.    GrayRobinson, PA, Counsel for Appellees/Defendants, JPMorgan Chase Bank, N.A. and CPCC Delaware Business Trust;

6.    J.P. Morgan International Holdings Limited, wholly owns Chase Preferred Capital LLC, which wholly owns Appellee/Defendant, CPCC Delaware Business Trust. J.P. Morgan International Holdings Limited is wholly owned by JPMorgan Chase & Co.

7.    JPMorgan Chase & Co., Appellee, Defendant. JPMorgan Chase & Co. (stock ticker symbol: JPM) wholly owns JPMorgan Chase Bank, N.A. and wholly owns J.P. Morgan International Holdings Limited. J.P. Morgan International Holdings Limited wholly owns Chase Preferred Capital LLC, which wholly owns

Appellee/Defendant, CPCC Delaware Business Trust. No person or entity is known to own more than 10% of the common stock of JPMorgan Chase & Co.

8.    JPMorgan Chase Bank, N.A., Appellee/Defendant. JPMorgan Chase Bank, N.A. is a wholly owned subsidiary of JPMorgan Chase & Co.

9.    Kuntz, Jeffrey T., Counsel for Appellees/Defendants, JPMorgan Chase Bank, N.A. and CPCC Delaware Business Trust;

10.    Law Office of Marshall C. Watson, Defendant;

11.    Lessne, Michael D., Counsel for Appellees/Defendants, JPMorgan Chase Bank, N.A. and CPCC Delaware Business Trust;

12.    Loffredo, Thomas H., Counsel for Appellees/Defendants, JPMorgan Chase Bank, N.A. and CPCC Delaware Business Trust;

13.    Marra, HON. Kenneth A., United States District Judge;

14.    Matthewman, HON. William D., United States Magistrate Judge;

15.    Pinson, John, Appellant/Plaintiff; and

16.    Scott, Patrick S., Counsel for Defendants, JPMorgan Chase Bank, N.A. and CPCC Delaware Business Trust.

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., and CPCC Delaware Business Trust do not believe that oral argument will be beneficial to the Court's disposition of the issues presented in this appeal.

## <u>TABLE OF CONTENTS</u>

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE
DISCLOSURE STATEMENT ....................................................................... 1

STATEMENT REGARDING ORAL ARGUMENT ............................................. i

TABLE OF CONTENTS........................................................................... ii

TABLE OF AUTHORITIES ..................................................................... iv

STATEMENT OF JURISDICTION............................................................. 1

STATEMENT OF THE ISSUES................................................................ 2

    I.   No Material Issue of Fact Precluded the Entry of Summary Judgment on
        Pinson's FDCPA Claims Against Chase Because the Originator of a Debt
        Cannot Be Subject to a Claim Under the FDCPA.......................................... 2

    II.  The Evidence and the Allegations in Pinson's Second Amended Complaint
        Did Not Show Any Act by JPMorgan or CPCC Relating to this Debt.
        Therefore, Judgment Was Properly Entered. ................................................ 2

    III. Pinson Did Not Request Leave To Amend and, Regardless, Leave Was Not
        Warranted............................................................................................ 2

STATEMENT OF THE CASE................................................................... 3

    I.   Nature of the Case, Course of Proceedings and Disposition in the District
        Court. .................................................................................................. 3

    II.  <u>Statement of the Facts</u>....................................................................... 4

        A. <u>The Note and Mortgage</u>. ............................................................... 4

        B. <u>Pinson's Allegations Regarding Debt Collection</u>. ................................. 6

    III. <u>Standard of Review</u>.......................................................................... 9

SUMMARY OF THE ARGUMENT .......................................................... 11

ARGUMENT ...................................................................................... 13

    I.   No Material Issue Of Fact Precluded The Entry Of Summary Judgment On
        Pinson's FDCPA Claims Against JPMorgan As The Originator of a Debt
        Cannot Be Subject To A Claim Under the FDCPA. ..................................... 13

    II.  The Evidence and the Allegations in Pinson's Second Amended Complaint
        Did Not Show Any Act By JPMorgan or CPCC Relating To This Debt.
        Therefore, Judgment Was Properly Entered. ............................................. 17

III.  Pinson Did Not Request Leave To Amend and, Regardless, Leave Was Not Warranted...................................................................................... 20

CONCLUSION ................................................................................. 22

CERTIFICATE OF COMPLIANCE .................................................. 23

CERTIFICATE OF SERVICE ........................................................... 24

## TABLE OF AUTHORITIES

**CASES**

*Allen v. Tyson Foods, Inc.*, 121 F.3d 642 (11th Cir. 1997) ......................................9

*Ames v. J.P. Morgan Chase Bank, N.A.,* 14-11163, 2015 WL 4759933 (11th Cir. 2015)...........................................................................................................20

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)....................................................................................................10

*Arthur v. JP Morgan Chase Bank, NA,* 569 Fed. Appx. 669 (11th Cir. 2014) .......20

Bent v. Smith, Dean & Assocs, Inc., No. 3:11–cv–66–J–TEM, 2011 WL 2746847 (M.D. Fla. July 14, 2011) .......................................................17

Blackmon v. Wal-Mart Stores, E., L.P., 08-80685-CIV, 2009 WL 690593 (S.D. Fla. Mar. 16, 2009)..........................................................................10

*Bradley v. Franklin Collection Serv., Inc.*, 739 F.3d 606 (11th Cir. 2014)..............9

*Burger King Corp. v. Weaver,* 169 F.3d 1310 (11th Cir. 1999)............................20

*Burger v. Hartley*, 896 F. Supp. 2d 1157 (S.D. Fla. 2012)....................................10

*Capone v. Aetna Life Ins. Co.*, 592 F.3d 1189 (11th Cir. 2010)..............................9

*Centennial Bank v. Noah Group LLC,* 755 F. Supp. 2d 1256 (S.D. Fla. 2010) ........................................................................................................16

*Corsello v. Lincare, Inc.,* 428 F.3d 1008 (11th Cir. 2005) ....................................21

*Dania Jai-Alai Palace, Inc. v. Sykes*, 450 So. 2d 1114 (Fla. 1984) .......................17

*Davis v. Wells Fargo Bank, N.A.*, 3:13CV586-HEH, 2014 WL 106257 (E.D. Va. Jan. 8, 2014) .......................................................................... 14, 15, 18

*Deutsche Bank Nat. Trust Co. v. Foxx*, 971 F. Supp. 2d 1106 (M.D. Fla. 2013) ........................................................................................................14

*Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010) ...................18

Eke v. FirstBank Florida, 779 F.Supp.2d 1354 (S.D. Fla. 2011) ...........................13

*Humphrey v. Washington Mutual Bank, F.A.*, Civil Action, No. 1:06-CV-1367-JOF, 2007 WL 1630639 (N.D.Ga. June 1, 2007) ......................................15

*Long v. Satz,* 181 F.3d 1275 (11th Cir. 1999)........................................................20

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*., 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) .......................................................9

*Patrick v. PHH Mortg. Corp.*, 937 F. Supp. 2d 773 (N.D.W. Va. 2013)................15

*Pennant v. Convergys Corp.*, 368 F. Supp. 2d 1307 (S.D. Fla. 2005) .....................9

*Perry v. Stewart Title Co.*, 756 F.2d 1197 (5th Cir. 1985) .....................................15

*Ruggia v. Washington Mut.*, 719 F.Supp.2d 642 (E.D. Va. 2010) .........................14

Scott v. Wells Fargo Home Mortg. Inc., 326 F.Supp.2d 709 (E.D. Va. 2003) .......14

*Van Kirk v. Bank of Am. Corp.*, 1:11-CV-00621-BLW-RE, 2012 WL
   3544735 (D. Idaho Aug. 15, 2012)......................................................... 15, 18, 19

*Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103 (6th Cir. 1996)...................17

*Walker v. Darby*, 911 F.2d 1573 (11th Cir. 1990)..................................................10

## STATUTORY AUTHORITIES

15 U.S.C. § 1692a(6)(F) .........................................................................................14

28 U.S.C. § 1291 .......................................................................................................1

## RULES AND REGULATIONS

Fed. R. Civ. P. 7 ......................................................................................................20

Fed. R. Civ. P. 56 .................................................................................................9, 10

## <u>STATEMENT OF JURISDICTION</u>

This is an appeal of the district court's judgment, [Dist. Ct. ECF No. 127],

entered after the district court granted summary judgment. [Dist. Ct. ECF No. 126].

This Court has appellate jurisdiction pursuant to 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUES

**I.**    No Material Issue of Fact Precluded the Entry of Summary Judgment on Pinson's FDCPA Claims Against Chase Because the Originator of a Debt Cannot Be Subject to a Claim Under the FDCPA.

**II**.    The Evidence and the Allegations in Pinson's Second Amended Complaint Did Not Show Any Act by JPMorgan or CPCC Relating to this Debt. Therefore, Judgment Was Properly Entered.

**III.**    Pinson Did Not Request Leave To Amend and, Regardless, Leave Was Not Warranted**.**

## STATEMENT OF THE CASE

I.    **Nature of the Case, Course of Proceedings and Disposition in the District Court.**

On July 26, 2013, Appellant, John Pinson ("Pinson"), filed a complaint in the district court against JPMorgan Chase Bank, National Association ("Chase"), the Law Offices of Marshall C. Watson, P.A. a/k/a Choice Legal Group. [Dist. Ct. ECF No. 1]. Later, on August 27, 2013, Pinson filed an amended complaint against JPMorgan Chase Bank, National Association, the Law Offices of Marshall C. Watson, P.A. a/k/a Choice Legal Group, and CPCC Delaware Business Trust ("CPCC"). [Dist. Ct. ECF No. 6].

After motions to dismiss were filed, [Dist. Ct. ECF No. 14 and 17], the district court entered an order granting the motions to dismiss without prejudice and allowing Pinson leave to amend his complaint. [Dist. Ct. ECF No. 49]. As permitted, on April 22, 2014, Pinson filed his Second Amended Complaint. The Second Amended Complaint attempted to assert two claims against Chase, CPCC, and new party JPMorgan Chase & Co ("JPMorgan"). [Dist. Ct. ECF No. 52]. The Law Offices of Marshall C. Watson, P.A. a/k/a Choice Legal Group was no longer a party, having settled with Pinson. [Dist. Ct. ECF No. 46 and 47].

The Defendants/Appellees filed a motion to dismiss the Second Amended Complaint. [Dist. Ct. ECF No. 58]. The district court entered an order converting the motion to dismiss into a motion for summary judgment and requiring further

3

briefing. [Dist. Ct. ECF No. 71]. The district court also entered an order allowing Pinson to conduct "limited discovery on the limited issue of the authenticity of the mortgage and whether Chase was the original lender." [Dist. Ct. ECF No. 75].

On March 16, 2014, the district court held a hearing on the converted motion for summary judgment. [Dist. Ct. ECF No. 137]. After the hearing, the district court entered the "Opinion and Order" granting summary judgment with respect to Pinson's federal claim and dismissing *without prejudice* Pinson's state law claim. [Dist. Ct. ECF No. 126]. A judgment was separately entered in favor of the defendants. [Dist. Ct. ECF No. 127].

## II.    <u>Statement of the Facts</u>.

Pinson filed a two-count Second Amended Complaint against Chase, CPCC, and JPM, purporting to assert violations of the Fair Debt Collection Practices Act and the Florida Consumer Collection Practices Act. [Dist. Ct. ECF No. 52].

### A.    <u>The Note and Mortgage</u>.

John Pinson borrowed $202,000 from Chase, evidenced by the executed note and mortgage dated December 23, 2005. [Dist. Ct. ECF No. 125-1; see also Dist. Ct. ECF Nos. 58, 64, 109-1]. Pinson acknowledges that he signed a mortgage in that amount around that date. [Dist. Ct. ECF No. 126, pg. 4]. As shown below, that mortgage, a certified copy of which was filed with the district court,

specifically stated that Chase was the lender:

> raise, levee or insurance on the property.
>
> **THIS MORTGAGE** dated December 23, 2005, is made and executed between JOHN D PINSON, A SINGLE MAN, whose address is 526 WESTWOOD ROAD, WEST PALM BEACH, FL  33401 (referred to below as "Grantor") and JPMorgan Chase Bank, NA, whose address is 1111 Polaris Parkway, Columbus, OH 43240 (referred to below as "Lender").

[Dist. Ct. ECF No. 125-1, pg. 8; see also Dist. Ct. ECF Nos. 58 and 64]. As shown below, the original note also stated that JPMorgan Chase Bank, N.A. was the lender:



***

> **IDENTITY OF LENDER.** Lender is JPMorgan Chase Bank, N.A., a national banking association organized and existing under the laws of the United States of America, with its main offices located in Columbus, Ohio.

***

5

[Dist. Ct. ECF No. 125-1, pgs. 4-6; see also Dist. Ct. ECF No. 109-1]. Chase was the original lender and remains in possession of the note (which is not endorsed). [Dist. Ct. ECF No. 125-1, pg. 2-3].

## B.    **Pinson's Allegations Regarding Debt Collection.**

Pinson's allegations were founded upon seven letters, all attached to the second amended complaint, and one alleged visit to his property by an employee of the Marshall Watson law firm. [Dist. Ct. ECF No. 54]. Of the seven letters attached to his Second Amended Complaint, four are communications *from* Pinson. [Dist. Ct. ECF No. 54 (Exhibits A, C, D, E, and F)]. As this appeal and matter exclusively relates to debt collection, those letters are not relevant.

At Exhibit B to his Second Amended Complaint was a letter dated June 1, 2012, and that was sent in response to an inquiry received by Chase. As shown

below, the letter stated that the loan was sold into a public security managed by CPCC Delaware Business Trust and that Chase is the servicer of the loan:

> I am writing in response to the inquiry Chase received about the loan referenced above.
>
> Your loan was sold into a public security managed by CPCC Delaware Business Trust and may include a number of investors. As the servicer of your loan, Chase is authorized by the security to handle any related concerns on their behalf. Your investor contact information is:
>
> 270 Park Avenue
> New York, NY 10017

[Dist. Ct. ECF No. 52, at ¶28; Dist. Ct. ECF No. 54, at Appendix B (pg. 5 of 22)].

Not inconsistent with the June 1, 2012 letter shown above, on August 9, 2012, the Marshall Watson law firm sent a letter to Pinson stating that they had confirmed the debt, stating "[p]lease allow this letter and enclosures to serve as proof of the debt," and stating that Chase was the original lender. [Dist. Ct. ECF No. 52, at ¶45; Dist. Ct. ECF No. 54, Appendix F (pg. 13 of 22)]. The relevant portion of the August 8, 2012, letter is shown below:

> RE:    Property Address:   526 WESTWOOD ROAD WEST PALM BEACH, FL 33401
>          Owner:
>       Mortgagor:
>      Our File #:   12-07436
>
> Dear John D. Pinson,
>
>          This firm represents the Plaintiff in the above referenced case. Pursuant to your request, we have contacted the creditor in order to obtain verification of the debt. Accordingly, please allow this letter and enclosures to serve as proof of the debt claimed by my client in this action. Enclosed please find both Reinstatement and Payoff statements. The Reinstatement letter provides the amount necessary to bring the account current and the Payoff letter provides the amount necessary to pay off the loan in full. The name and address of the original creditor is as follows: JPMORGAN CHASE BANK, NA 1111 Polaris Parkway, Columbus, OH 43240.

[Dist. Ct. ECF No. 52, at ¶45; Dist. Ct. ECF No. 54, Appendix F (pg. 13 of 22)].

Finally, on August 17, 2012, Chase sent a letter responding to Pinson stating that "[o]ur understanding is that the loan is a valid and legally enforceable financial obligation with Chase."

> We are responding to your letter we received on August 13, 2012 about the account above. Our understanding is that this loan is a valid and legally enforceable financial obligation with Chase.

[Dist. Ct. ECF No. 52, at ¶48, Dist. Ct. ECF No. 54, Appendix G (pg. 21 of 22)].

### III.    Standard of Review.

This Court reviews the "district court's summary judgment decision de novo, applying the same legal standards as those that governed the district court." *Bradley v. Franklin Collection Serv., Inc.*, 739 F.3d 606, 608 (11th Cir. 2014) (citing *Capone v. Aetna Life Ins. Co.*, 592 F.3d 1189, 1194 (11th Cir. 2010)).

In that regard, in order to obtain summary judgment, the moving party bears the initial burden of establishing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c). "An issue of fact is 'material' if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (citations omitted). "It is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Allen*, 121 F.3d at 646; see also *Pennant v. Convergys Corp.*, 368 F. Supp. 2d 1307, 1309 (S.D. Fla. 2005) ("For factual issues to be considered genuine, they must have a real basis in the record.").

After the movant has met its burden under Rule 56(c), the burden shifts to the non-moving party who "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). "According to the plain language of Fed. R. Civ. P. 56(e), 'an opposing party may

9

not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial.'" *Blackmon v. Wal-Mart Stores, E., L.P.*, 08-80685-CIV, 2009 WL 690593 (S.D. Fla. Mar. 16, 2009) (citing Rule 56(e), *aff'd*, 358 Fed. Appx. 101 (11th Cir. 2009). Further, "a mere 'scintilla' of evidence supporting the opposing party's position will not suffice." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (citation omitted).

"As long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim." *Burger v. Hartley*, 896 F. Supp. 2d 1157, 1163 (S.D. Fla. 2012) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). In this case, Pinson was given an opportunity to conduct discovery and there was not even a scintilla of evidence to support his position. Therefore, summary judgment was properly granted.

## SUMMARY OF THE ARGUMENT

Pinson raises two issues on appeal. First, he argues that the district court erred when it entered summary judgment on his FDCPA claim in favor of the Appellees. Second, he argues that the district court erred when it did not give him leave to again amend his Second Amended Complaint. In short, the district court gave Pinson significant leeway and correctly entered summary judgment.

With regard to JPMorgan Chase Bank, N.A. ("Chase"), the district court correctly considered the certified copy of the recorded mortgage and the affidavit that accompanied the original note. Those documents conclusively demonstrated that (a) Chase was the originator of the loan; and (b) Chase is the holder of the original note. The FDCPA does not apply to the originator of a loan or an entity seeking to collect its own debt (as opposed to the debt of another). Therefore, the district court correctly determined that Chase could not be subject to liability under the FDCPA and judgment was properly entered in favor of Chase.

The allegations against the other two parties, JPMorgan Chase & Co. ("JPMorgan") and CPCC Delaware Business Trust ("CPCC"), were minimal at best. The only allegations relating to these entities were that (i) JPMorgan is the parent company of Chase and CPCC; and (ii) that CPCC "directly or indirectly engaged in the collection of an alleged debt for a third party." [Dist. Ct. ECF No. 52, ¶¶51, 54-55]. Those allegations are insufficient to state a claim. Further, Pinson

11

was allowed the opportunity to conduct discovery but failed to raise a material issue of fact.

Based upon the evidence presented, there was no doubt that judgment was due to be entered in favor of all three remaining defendants. Not even a scintilla. For the reasons and as explained in more detail herein, the district court's summary judgment order should be affirmed.

## ARGUMENT

### I.   No Material Issue Of Fact Precluded The Entry Of Summary Judgment On Pinson's FDCPA Claims Against JPMorgan As The Originator of a Debt Cannot Be Subject To A Claim Under the FDCPA.

The record evidence is clear that JPMorgan Chase Bank, N.A. ("Chase") originated the loan. [Dist. Ct. ECF No. 125-1]. The district court noted that Chase filed a certified copy of the recorded mortgage which showed that Chase was the original lender. [Dist. Ct. ECF No. 126, pg. 9]. Similarly, the note also evidenced that Chase was the original lender. [Dist. Ct. ECF No. 125-1, pgs. 4-6; see also Dist. Ct. ECF No. 109-1].[1] As the originator and holder of the loan, Chase was not subject to liability under the FDCPA.

The district court correctly stated that "in order to prevail on a FDCPA claim, a plaintiff must prove that: (1) the plaintiff has been the object of collection activity arising from a consumer debt; (2) the defendant is a debt collector as defined by the FDCPA and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." [Dist. Ct. ECF No. 126, pg. 8 (citations omitted)]. Further, "a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned." [Dist. Ct. ECF No. 126, pg. 8 (citing *Eke v. FirstBank*

---

[1] These documents were properly considered for the reasons stated by the district court. [Dist. Ct. ECF No. 126, pgs. 6-7].

*Florida*, 779 F.Supp.2d 1354, 1357 (S.D. Fla. 2011) (quoting *Belin v. Litton Loan Servicing, LP*, No. 8:06–cv–760–T–24 EAJ, 2006 WL 1992410, at *2 (M.D. Fla. Jul. 14, 2006)); *Deutsche Bank Nat. Trust Co. v. Foxx*, 971 F. Supp. 2d 1106, 1114 (M.D. Fla. 2013))].

As the originator of the loan, Chase is not subject to liability under the FDCPA. The FDCPA provides that the term "debt collector" does not include "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity …. concerns a debt which was originated by such person." 15 U.S.C. § 1692a(6)(F). In that regard, it is established that "[t]he FDCPA clearly defines 'debt collector,' and under the statute, 'any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity .... is incidental to a bona fide fiduciary obligation' is exempt from liability." *Davis v. Wells Fargo Bank, N.A.*, 3:13CV586-HEH, 2014 WL 106257, at *4 (E.D. Va. Jan. 8, 2014)) (*citing* 15 U.S.C. § 1692a(6)(F)(i)). "Accordingly, 'creditors, mortgagors, and mortgage servicing companies are not debt collectors and are statutorily exempt from liability under the FDCPA.'" *Id.* (quoting *Ruggia v. Washington Mut.,* 719 F.Supp.2d 642, 648 (E.D. Va. 2010) (quoting *Scott v. Wells Fargo Home Mortg. Inc.,* 326 F.Supp.2d 709, 718 (E.D. Va. 2003), *aff'd,* 67 Fed. App'x 238 (4th Cir. 2003)))).

14

Further, there is ample authority concluding that the owner of the loan is exempt from liability under the FDCPA. In fact, there is no authority to the contrary. See, e.g., *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985) ("The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned." (citing S.Rep. No. 95–382, 95th Cong., 1st Sess. 3, reprinted in 1977 U.S. Code Cong. & Ad. News 1695, 1698)); see also *Davis v. Wells Fargo Bank, N.A.*, 3:13CV586-HEH, 2014 WL 106257, at *4 (E.D. Va. Jan. 8, 2014) ("Accordingly, creditors, mortgagors, and mortgage servicing companies are not debt collectors and are statutorily exempt from liability under the FDCPA." (internal quotation omitted)); *Patrick v. PHH Mortg. Corp.*, 937 F. Supp. 2d 773, 789 (N.D.W. Va. 2013) ("Additionally, other district courts have found that [t]he FDCPA specifically excludes creditors collecting their own consumer debts ... Mortgage loan beneficiaries and servicing companies are not 'debt collectors' under the FDCPA." (internal quotation omitted)); *Van Kirk v. Bank of Am. Corp.*, 1:11-CV-00621-BLW-RE, 2012 WL 3544735, at *4 (D. Idaho Aug. 15, 2012) ("Importantly, however, a debt collector does *not* include any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity ... concerns a debt which was not in default at the time it

15

was obtained by such person." (internal quotation omitted)); *Humphrey v. Washington Mutual Bank, F.A.,* Civil Action No. 1:06-CV-1367-JOF, 2007 WL 1630639 *2 (N.D.Ga. June 1, 2007) (the FDCPA "applies only to debt collectors and not to creditors or mortgage servicers.").

Chase is exempt from liability as the original lender/mortgagee, and holder of the note. [Dist. Ct. ECF No. 125-1; Dist. Ct. ECF No. 126, pg. 8-9 (citing *Centennial Bank v. Noah Group LLC*, 755 F. Supp. 2d 1256, 1260 (S.D. Fla. 2010) (dismissing FDCPA claim because the bank is not a "'debt collector'-it arguably originated the debt as a merged entity with [the original lender]")]. Accordingly, the district court correctly determined that Chase could not be subject to liability under the FDCPA. Further, because of Chase's exempt status, the district court correctly concluded that no set of facts could be pleaded or established to subject Chase to liability under the FDCPA. On the motion for summary judgment, it was determined that Chase was not and could not be subject to liability under the FDCPA. Therefore, judgment was correctly entered and should be affirmed.

**II.    The Evidence and the Allegations in Pinson's Second Amended Complaint Did Not Show Any Act By JPMorgan or CPCC Relating To This Debt. Therefore, Judgment Was Properly Entered.**

There were no allegations whatsoever in Pinson's Second Amended Complaint that JPMorgan Chase & Co. ("JPMorgan") or CPCC Delaware Business Trust ("CPCC") took any action related to the debt. As the district court noted, the Second Amended Complaint merely alleged that JPMorgan is the parent company of Chase and CPCC. [Dist. Ct. ECF No. 126, pg. 9 (citing Dist. Ct. ECF No. 52, ¶51, 54-55)]. The only allegation about CPCC was the unsupported statement that it "directly or indirectly engaged in the collection of an alleged debt for a third party." [Dist. Ct. ECF No. 126, pg. 9 (citing Dist. Ct. ECF No. 52, ¶53)].

The district court correctly concluded that these facts are wholly insufficient to state a cause of action, to pierce a corporate veil, or to establish vicarious liability. [Dist. Ct. ECF No. 126, pg. 9]. Specifically, the district court stated

> These facts do not provide a basis to piece the corporate veil of Chase or CPCC to establish liability for JPMC. *See Dania Jai-Alai Palace, Inc. v. Sykes*, 450 So. 2d 1114, 1121 (Fla. 1984). Nor do the allegations show that JPMC and CPCC were personally involved in the debt collection or can be held vicariously liable under the FDCPA. *Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 108 (6th Cir. 1996) (an entity which does not meet the definition of debt collector cannot be held vicariously liable for unlawful collection actions taken on its behalf by an entity which is a debt collector); *Bent v. Smith, Dean & Assocs, Inc.*, No. 3:11–cv–66–J–TEM, 2011 WL 2746847, at * 3 (M.D. Fla. July 14, 2011) (same).

[Dist. Ct. ECF No. 126, pg. 9].

Additionally, there was no basis to conclude that those entities engaged in

debt activities. In *Davis v. Wells Fargo Bank*, the court was faced with a similar issue as to certain of the defendants that had minimal or no connection to a debt. *Davis v. Wells Fargo Bank, N.A.*, 3:13CV586-HEH, 2014 WL 106257, at *4 (E.D. Va. Jan. 8, 2014). As to one defendant, BMW, the court noted that there was insufficient information to conclude that BMW "regularly engages in consumer-debt-collection activity." *Id*. Furthermore, and similar to the above-captioned case, the court concluded that regardless of whether or not BMW regularly engages in consumer debt-collection, dismissal was still required because the plaintiff had failed to sufficiently allege that BMW had actually attempted to collect a debt in that instance. *Id*. In this case, the same must be said about CPCC and JPMorgan. There is simply no allegation or evidence of any action taken by those two entities.

Even if CPCC and JPMorgan could have been found to have taken some action, which is not possible on the evidence that was before the district court, those entities certainly did not make a material misrepresentation. And, to be found in violation of the FDCPA, "[a]ny misrepresentation must be material, in that it would likely mislead "the least sophisticated debtor." *Van Kirk v. Bank of Am. Corp.*, 1:11-CV-00621-BLW-RE, 2012 WL 3544735, at *5 (D. Idaho Aug. 15, 2012) (citing *Donohue v. Quick Collect, Inc.,* 592 F.3d 1027, 1030 (9th Cir. 2010)), report and recommendation adopted, 1:11-CV-00621-BLW-RE, 2012 WL

4524457 (D. Idaho 2012)).[2] In *Van Kirk*, the financial institutions sent multiple letters to the borrower, each identifying a different owner of the note. The court concluded that there was no material and knowing misrepresentation and, therefore, there could be no liability. Having made no statements whatsoever, there is no analysis that could lead one to conclude that CPCC and JPMorgan Chase & Co. made a material misrepresentation.

The district court correctly concluded that no facts were presented nor allegations asserted regarding CPCC and JPMorgan that could have possibly subjected them to a claim under the FDCPA. Further, no amendment could have remedied this issue as the entities simply had no connection to the loan or the debt collection. Therefore the judgment should be affirmed.

---

[2] Also noting that a trustee has no ownership interest and therefore is exempt from liability under the FDCPA. *Id*. at *5 (citations omitted*).

## III.  Pinson Did Not Request Leave To Amend and, Regardless, Leave Was Not Warranted.

As argued throughout, there was no amendment that Pinson could have made to cure the evidentiary and pleading defects that led to judgment in favor of the Appellees. Further, Pinson waived the right to amend when he did not file a motion requesting leave to amend. *Ames v. J.P. Morgan Chase Bank, N.A.*, 14-11163, 2015 WL 4759933, at *3 (11th Cir. 2015) ("The Ameses also contend that the district court should have allowed them to amend their complaint. The district court did not abuse its discretion because they did not file a motion in the district court that requested leave to amend." (citing *Long v. Satz*, 181 F.3d 1275, 1279–1280 (11th Cir. 1999); Fed. R. Civ. P. 7(b)(1)); see also *Arthur v. JP Morgan Chase Bank, NA*, 569 Fed. Appx. 669, 686 (11th Cir. 2014) ("The Appellants never requested leave to amend their complaint after JP Morgan moved to dismiss the case. Instead, they responded to the motion, mainly arguing for remand. The district court has no obligation to grant leave sua sponte when counsel did not make such a request.").

Even if Pinson had requested leave to amend, leave would have been properly denied. Had the right to seek leave to amend been preserved, the district court's ruling would have been reviewed for an abuse of discretion. *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1315 (11th Cir. 1999). The district court entered judgment finding that Chase was the original lender. Therefore, Chase was exempt

20

from liability and there were no set of facts that could have subjected Chase to liability. With regard to JPMorgan and CPCC, the allegations and evidence presented failed to show any action that could have subjected these entities to liability under the FDPCA. As to all three Appellees, amendment would have been futile.

This Court has held that a "district court, however, need not 'allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile.'" *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005) (citation omitted) (concluding that "the district court did not abuse its discretion when it denied Corsello's motion to amend his complaint.").

Pinson did not request leave to amend and waived that right. However, even if a motion had been filed, allowing leave to amend would have been futile. Therefore, Pinson was not entitled to leave to amend.

## <u>CONCLUSION</u>

As the originator of the loan, Chase was not subject to liability under the FDCPA. The other two appellees simply had no relation to this debt. Therefore, the evidence conclusively demonstrated that summary judgment was appropriate and no set of facts or amendments could have changed that result.

For the reasons stated herein, the district court's judgment should be affirmed in its entirety.

/s/ *Jeffrey T. Kuntz*
Thomas H. Loffredo, Florida Bar No. 870323
Jeffrey T. Kuntz, Florida Bar No. 26345
Michael D. Lessne, Florida Bar No. 73881
**GRAYROBINSON, P.A.**
*Counsel for Appellees*
401 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, Florida 33301
Telephone: (954) 761-8111
Facsimile:  (954) 761-8112
tom.loffredo@gray-robinson.com
jkuntz@gray-robinson.com

## <u>CERTIFICATE OF COMPLIANCE</u>

I certify that this brief complies with the type-face, type-style and type-volume limitation set forth in Fed. R. Civ. P. 32(a)(7)(B). This brief contains <u>4,728</u> words, as calculated by Microsoft Word, and inclusive all text and footnotes contained on all pages of this brief, and excluding only the table of authorities and table of contents.

Respectfully submitted,

<u>/s/ *Jeffrey T. Kuntz*      </u>
Thomas H. Loffredo, Florida Bar No. 870323
Jeffrey T. Kuntz, Florida Bar No. 26345
Michael D. Lessne, Florida Bar No. 73881
**GRAYROBINSON, P.A.**
*Counsel for Appellees*
401 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, Florida 33301
Telephone: (954) 761-8111
Facsimile:  (954) 761-8112
tom.loffredo@gray-robinson.com
jkuntz@gray-robinson.com

23

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on November 6, 2015, the foregoing was electronically filed via Court's Electronic Case Files System. WE FURTHER CERTIFY, in compliance with Rule 25, Federal Rule of Appellate Procedure, Eleventh Circuit General Order 37, that the foregoing was sent by the Court's ECF system, via United States Mail to: John Pinson, *pro se,* 526 Westwood Road, West Palm Beach, Florida 33401.

Respectfully submitted,

/s/ *Jeffrey T. Kuntz*
Thomas H. Loffredo, Florida Bar No. 870323
Jeffrey T. Kuntz, Florida Bar No. 26345
Michael D. Lessne, Florida Bar No. 73881
**GRAYROBINSON, P.A.**
*Counsel for Appellees*
401 East Las Olas Boulevard, Suite 1000
Fort Lauderdale, Florida 33301
Telephone: (954) 761-8111
Facsimile:  (954) 761-8112
tom.loffredo@gray-robinson.com
jkuntz@gray-robinson.com

24